20-2651
Singh v. Garland

BIA
Conroy, IJ
A205 585 976

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand twenty-three.

PRESENT:
> SUSAN L. CARNEY,
> STEVEN J. MENASHI,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

HARMINDER SINGH,
> *Petitioner,*

v.                                                          **20-2651**
                                                            **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Anas J. Ahmed, Esq., Pannun the Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:**   Brian Boynton, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Kristen H. Blosser, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Harminder Singh, a native and citizen of India, seeks review of a July 16, 2020, decision of the BIA affirming a June 29, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Harminder Singh*, No. A 205 585 976 (B.I.A. July 16, 2020), *aff'g* No. A 205 585 976 (Immig. Ct. N.Y. City June 29, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "Accordingly, we review the agency's

2

decision for substantial evidence and must defer to the factfinder's findings based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . . By contrast, we review legal conclusions de novo." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

An applicant has the burden to establish his eligibility for withholding of removal and CAT protection.[1]   *See* 8 U.S.C. § 1231(b)(3)(C); 8 C.F.R. § 1208.16(b), (c)(2).   "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the . . . testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee."   8 U.S.C. § 1158(b)(1)(B)(ii); *see also id.* § 1231(b)(3)(C).   "In order for an alien's testimony to carry the day on its own, the statute requires the alien to satisfy the trier of fact on all three counts—showing his testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee" entitled to relief from removal.   *Garland v. Ming Dai*, 141 S. Ct. 1669,

---

[1] Singh's asylum claim is both unexhausted and abandoned because he did not argue before the BIA or here that the IJ erred in rejecting his asylum claim as untimely, and we therefore do not consider that claim.   *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n.6 (2d Cir. 2007).

1680 (2021) (internal quotation marks omitted); *see also id.* at 1680–81 (explaining that credibility and persuasiveness "are closely bound concepts" and that a person who testifies sincerely may be credible but not persuasive when that person's testimony is contradicted by other evidence).

The IJ concluded that Singh's testimony was generally credible but not sufficiently persuasive to satisfy his burden of proof because of contradictions and implausibility. Although Singh now argues that his testimony was sufficient to satisfy his burden without additional corroboration, he has not challenged the specific findings underlying the IJ's ruling that the testimony was insufficiently persuasive on its own. This issue has thus been abandoned. *See Gui Yin Liu*, 508 F.3d at 723 n.6; *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

When an IJ determines that corroboration is required, "such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018) ("[I]n some cases . . . an applicant may be generally credible but his testimony may not be sufficient to carry the burden of

4

persuading the fact finder of the accuracy of his claim of crucial facts if he fails to put forth corroboration that should be readily available."). We may not reverse the agency's decision regarding the availability of corroborating evidence unless we decide "that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4). "[W]hen an IJ determines that the applicant failed to meet his burden of proof based on the failure to provide corroborating evidence, the IJ should perform the following analysis: (1) point to specific pieces of missing evidence and show that it was reasonably available, (2) give the applicant an opportunity to explain the omission, and (3) assess any explanation given." *Wei Sun*, 883 F.3d at 31.

Singh argues that the agency failed to follow these requirements when it relied on his failure to produce contemporaneous medical records from his 2011 and 2012 hospitalizations in finding that he failed to satisfy his burden. But the IJ identified specific evidence that was missing, and Singh testified that he could obtain those documents. We read the agency's decision as considering and rejecting Singh's explanation that he did not know that additional records would be necessary. *See id.* ("[T]he alien bears the ultimate burden of introducing [corroborating] evidence without prompting from the IJ." (quoting *Chuilu Liu v.*

5

*Holder*, 575 F.3d 193, 198 (2d Cir. 2009)). Given Singh's admission that he could obtain the omitted documents, the record does not compel the conclusion that those documents were not available. 8 U.S.C. § 1252(b)(4). We decline to consider Singh's argument, offered for the first time in his brief here, that the clinic at which he was treated does not maintain this type of record; he did not provide that explanation to the agency, and such statements by counsel are not evidence. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir. 2007) (explaining that we generally consider only those arguments raised before the BIA); *Pretzantzin v. Holder*, 736 F.3d 641, 651 (2d Cir. 2013) ("[T]he arguments of counsel are not evidence.").

The agency did not otherwise err in assigning limited weight to the documentary evidence Singh submitted. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *Shunfu Li v. Mukasey*, 529 F.3d 141, 149 (2d Cir. 2008) ("[W]e afford IJs considerable flexibility in determining the authenticity of . . . documents from the totality of the evidence."). None of the authors of letters and affidavits in the record were available for cross-examination, and at least some were interested parties. *See Likai Gao v. Barr*, 968 F.3d 137, 149

6

(2d Cir. 2020) (concluding that "the IJ acted within her discretion in according . . . little weight" to letters from the applicant's wife and friend "because the declarants (particularly [the applicant's] wife) were interested parties and neither was available for cross-examination"). Furthermore, Singh does not dispute that many of these documents were prepared by a person who simultaneously translated the declarants' oral statements into English, and there is no evidence establishing the accuracy of the translation, as is required by the Immigration Court Practice Manual. *See* Immigration Court Practice Manual, ch. 3.3, https://www.justice.gov/eoir/reference-materials/ic/chapter-3/3 (last visited Apr. 19, 2023) ("An affidavit or declaration in English by a person who does not understand English must include a certificate of interpretation stating . . . that the interpreter is competent to translate the language of the document, and that the interpretation was true and accurate to the best of the interpreter's abilities."); *cf.* 8 C.F.R. § 1003.33 (requiring a comparable certification for translated documents). Other documents in the record failed to corroborate the alleged incidents of persecution.

Contrary to his argument, Singh had an opportunity to authenticate his documentary evidence after the Government objected to the evidence on that

7

ground and the IJ instructed his attorney that he could address authenticity during direct examination. Moreover, to the extent that he argues that he lacked notice that he should provide evidence of the oral translations' accuracy, as noted earlier, certification is specifically required by the Immigration Court Practice Manual, and Singh carried the burden to provide reliable corroborating evidence without prompting from the IJ. Immigration Court Practice Manual, ch. 3.3; *Wei Sun*, 883 F.3d at 31.

In sum, the agency did not err in concluding that Singh failed to carry his burden to show that he has suffered past persecution or "will more likely than not" be persecuted or tortured in the future because the record does not compel the conclusion that his corroborating evidence was reliable or that additional corroborating evidence was unavailable. 8 U.S.C. § 1252(b)(4); 8 C.F.R. §§ 1208.16(b)–(c), 1208.17; *see also* 8 U.S.C. § 1231(b)(3)(A); *Wei Sun*, 883 F.3d at 28.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court